**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA ⋮ CRIMINAL ACTION

v. ⋮

JOSE ESTRADA ⋮ NO.  12-581-1

## MEMORANDUM

**Joyner, J.**                                       January 29 , **2021**

### Introduction

Jose Estrada moves for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A)(i).  He has met the procedural requirements of the statute.  We deny the motion because: (1) we do not find extraordinary and compelling reasons justify reducing Mr. Estrada's sentence, (2) the 18 U.S.C. § 3553(a) sentencing factors weigh against release, and (3) Mr. Estrada is not a danger to the community as provided in 18 U.S.C. § 3142(g).  See United States v. Doe, No. 20-2650, 2020 WL 6328203, at *1 (3d Cir. Oct. 29, 2020) (per curiam) (finding the district court appropriately considered the defendant's risk of contracting COVID-19, the section 3553(a) sentencing factors, and danger to the community in denying a motion for compassionate release); see also United States v. Nunez, No. CR 17-58-1, 2020 WL 5237272, at *4 (E.D. Pa. Sept. 1, 2020).

### Extraordinary and Compelling Reasons

Mr. Estrada's health conditions are not extraordinary and compelling reasons justifying a reduction in sentence.  To grant a motion under 18 U.S.C. § 3582(c)(1)(A)(i), we must find extraordinary and compelling circumstances.  United States v. Raia, 954 F.3d 594, 595 (3d Cir. 2020).  In the context of the COVID-19 pandemic, courts must consider the defendant's specific risk if infected with the virus and the danger that the defendant will contract the virus at his facility.  United States v. Babbitt, No. CR 18-384, 2020 WL 6153608, at *5 (E.D. Pa. Oct. 21, 2020) (examining "the circumstances of the COVID-19 pandemic, the defendant's health conditions, the defendant's age and the risk of contracting COVID-19"); see also Raia, 954 F.3d at 597 ("the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release").

Mr. Estrada is seventy-four years old and suffers from numerous health conditions, including hypertension, asthma, obstructive sleep apnea, and limited vision from glaucoma.  He is a prostate cancer survivor, and continues to need a permanent urinary catheter.  He has pain and a bone infection in his right leg from a 1980 injury and requires a walker.  None of Mr. Estrada's conditions, however, put him at definite "increased risk of severe illness from the virus that causes COVID-19," according to the Centers for Disease Control and Prevention

2

("C.D.C."). <u>People with Certain Medical Conditions</u>, C.D.C.
https://www.cdc.gov/coronavirus/2019-ncov/need-extra-
precautions/people-with-medical-conditions.html (last updated
Dec. 29, 2020). Hypertension and moderate-to-severe asthma
"might" put patients "at an increased risk," but no other of Mr.
Estrada's conditions affect his risks as related to COVID-19
(and it is not even clear that Mr. Estrada's asthma is moderate-
to-severe). <u>Id.</u> As such, Mr. Estrada's health conditions do
not put him at significant enough risk of serious illness from
COVID-19 to find extraordinary and compelling circumstances.

     Further, Mr. Estrada has already tested positive for COVID-
19 and did not become seriously ill. Prior infection does not
completely eliminate Mr. Estrada's risk from the virus, but does
contribute to our finding that Mr. Estrada's personal risk from
COVID-19 is not extraordinary and compelling. <u>See, e.g.</u>, <u>United</u>
<u>States v. Risley</u>, No. 1:12-CR-0363, 2020 WL 4748513, at *6 (E.D.
Cal. Aug. 17, 2020) ("the possibility of reinfection from Covid
19 is too speculative to warrant compassionate release").

     We cannot ignore that there is an "actual, non-speculative
risk of exposure to COVID-19" at FCI Butner Low, where Mr.
Estrada is held. <u>United States v. Somerville</u>, 463 F. Supp. 3d
585, 597 (W.D. Pa. 2020). Nine staff and one inmate at the
facility currently have confirmed active cases. <u>COVID-19 Cases</u>,
B.O.P. https://www.bop.gov/coronavirus/ (last updated Jan. 27,

3

2021).  All inmates at FCI Butner Low, however, face this same
possibility of infection.  Mr. Estrada's individual risk from
the virus does not rise to the requisite extraordinary and
compelling level needed for release under 18 U.S.C. §
3582(c)(1)(A)(i).

### 18 U.S.C. § 3553(a) Sentencing Factors

The section 3553(a) factors weigh against reducing Mr.
Estrada's sentence.  To grant the motion, we must determine that
release would not undermine the goals of the original sentence.
United States v. Walls, No. 2:12-CR-00173, 2020 WL 6390597, at
*11 (W.D. Pa. Nov. 2, 2020).  Mr. Estrada pled guilty, at sixty-
six years old, to the serious offenses of conspiracy to
distribute and possess with intent to distribute one kilogram or
more of heroin, in violation of 21 U.S.C. §§ 846 and 841 (a)(1),
(b)(1)(A), and attempt to distribute, and aiding and abetting
the attempt to distribute, one kilogram or more of heroine, in
violation of 21 U.S.C. §§ 846, and 841 (a)(1), (b)(1)(A), as a
result of his arranging a cross-country shipment of 7.6
kilograms of heroin.  Mr. Estrada was sentenced to 188-months of
incarceration, a lengthy sentence which reflected the
seriousness of the nature and circumstances of the crimes and
Mr. Estrada's own history and characteristics.  The serious
nature of the offenses does not necessarily foreclose
compassionate release when the purposes of sentencing have been

met.  See Somerville, 463 F. Supp. 3d at 602.  Here, however, we
cannot find that the term already served has achieved the
purposes of sentencing.  Mr. Estrada has served less than sixty
percent of his sentence.  A reduced term would not reflect the
seriousness of his crimes or provide sufficient punishment and
respect for the law.  A shortened sentence may impact the
deterrent effect to similar criminal conduct and there is also
risk of unwarranted sentence disparities.  Mr. Estrada has
commendably worked toward the educational goals of his
incarceration, participating in educational programming before
his current health decline made that impossible, but overall the
goals of sentencing have not been met.  We find that serving the
remainder of Mr. Estrada's sentence is necessary to comply with
the purposes of sentencing.

### Danger to the Community

Although we must deny the Motion, we note that Mr. Estrada
does not seem to currently pose a danger to the community.  We
cannot grant compassionate release if we find the defendant to
be a danger to the safety of another person or to the community,
considering the 18 U.S.C. § 3142(g) factors.  United States v.
Adeyemi, No. CR 06-124, 2020 WL 3642478, at *31 (E.D. Pa. July
6, 2020).  Although Mr. Estrada was convicted of a violent crime
in 1969, we are not aware of his involvement in any violence
since he served his time for that crime.  Given his recent

5

history and declining health, we see no indication that Mr.

Estrada is currently a threat to public safety.

## Conclusion

We deny the motion for compassionate release because we do

not find extraordinary and compelling circumstances as required

under 18 U.S.C. § 3582(c)(1)(A)(i) and we find that the 18

U.S.C. § 3553(a) factors do not support a reduced sentence.  An

Order follows.