IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL ACTION |
| | : | |
| v. | : | |
| | : | |
| JOSE ESTRADA | : | No. 12-581-1 |
| | : | |

**MEMORANDUM**

PRATTER, J.                                          MARCH 20, 2023

Jose Estrada filed a second motion seeking compassionate release, asserting that, now at age 76, his health is deteriorating, and that he is at significant risk of serious disease from COVID-19. The only significant change in Mr. Estrada's health since his first motion for compassionate release was denied, however, is that he has been fully vaccinated, mitigating the risk from COVID-19. The Court thus denies his motion.

**BACKGROUND**

**A. The Conviction**

Mr. Estrada, then age 65, recruited several individuals to transport 7.6 kilograms of heroin from Texas to Philadelphia. Halfway there, the individuals were stopped for a traffic violation, and police found the drugs. The individuals were enlisted as cooperators, and the DEA drove them to Philadelphia for purposes of assisting law enforcement in investigating Mr. Estrada and possibly others. The cooperators spoke on the phone with Mr. Estrada, and he gave them the address for the delivery of the contraband. Once the cooperators had delivered the drugs, agents came in and arrested the purchasers. That same day, agents searched Mr. Estrada's house in Texas and found four firearms, heroin, scales, a grinder, and a handwritten ledger.

Mr. Estrada pled guilty to one count of conspiracy to distribute one kilogram or more of heroin and one count of attempting to distribute the 7.6 kilograms of heroin. 21 U.S.C. § 846. He

1

was sentenced to 240-months' imprisonment, which was later reduced to 188-months' imprisonment because of an amendment to the Sentencing Guidelines. He is now serving his sentence at FCI Butner Low.

### B. The Request for Compassionate Release

Mr. Estrada, now 76 years old, suffers from hypertension, asthma, obstructive sleep apnea, glaucoma, and atrial fibrillation. He previously had prostate cancer; he remains in remission, but he has a permanent urinary catheter. He has chronic pain in his right leg from a bone infection caused by an injury decades earlier. He requires a walker, and another inmate is assigned to aid him with daily tasks. Mr. Estrada contracted COVID-19 in fall 2020; he has since received two doses of the Pfizer vaccine and a booster.

Mr. Estrada filed his first motion for compassionate release in October 2020. Now retired, Judge Curtis Joyner denied the motion. Mr. Estrada's health conditions did "not put him at significant enough risk of serious illness from COVID-19" to count as "extraordinary and compelling circumstances" for release. *United States v. Estrada*, No. 12-cr-581-1, 2021 WL 308271, at *1 (E.D. Pa. Jan. 29, 2021). Either way, "[a] reduced term would not reflect the seriousness of [Mr. Estrada's] crimes or provide sufficient punishment and respect for the law." *Id.* at *2.

Mr. Estrada's case has since been transferred to this Court. Mr. Estrada now moves again for compassionate release, arguing that his current age and medical conditions prevent him from taking care of himself and put him at a significant risk of becoming seriously ill if he contracts COVID again.

### C. The Bureau of Prisons' Response to the COVID-19 Pandemic

The Bureau of Prisons ("the BOP") has taken many measures to "mitigate the spread of COVID-19 in [its] facilities" and protect the health of inmates. *BOP Modified Operations*, htttps://www.bop.gov/coronavirus/covid19_status.jsp (last visited March 9, 2023). The BOP permits almost no outside visitors, limits inmate movement within the prison, requires inmates and staff to wear masks, and screens all staff daily for symptoms. If an inmate tests positive for COVID, the BOP immediately quarantines that inmate and tests and quarantines all contacts. The BOP has elected to put many eligible prisoners—the elderly, the terminally ill, and those who have almost finished their sentences—in home confinement. 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g); Pub. L. No. 116-136 § 12003(b)(2).

The BOP has offered vaccines to its staff members and inmates. So far, over 300 inmates at FCI Butner have recovered from COVID-19. *COVID-19 Cases*, htttps://www.bop.gov/coronavirus/ (last visited March 9, 2023). Eighteen have died, with almost all of those deaths occurring before vaccines were available and none occurring since August 2021. *Id.*. FCI Butner currently has one COVID-positive inmate and zero COVID-positive staff. *Id.*

### LEGAL STANDARDS

For the most part, courts "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). But a court can reduce a sentence for "extraordinary and compelling reasons," including a prisoner's medical condition. § 3582(c)(1)(A)(i). For a non-terminal illness, the court must find that the prisoner has "a serious physical or medical condition ... from which he ... is not expected to recover" "that substantially diminishes [his] ability" to care for himself in prison. U.S.S.G. § 1B1.13 cmt. n.1(A)(ii).[1]

---

[1] On its face, U.S.S.G. § 1B1.13 governs a "motion of the Director of the Bureau of Prisons" for compassionate release. Thus, this "policy statement is not binding on prisoner-initiated motions." *United States v. Andrews*, 12 F.4th

3

In deciding to reduce a sentence, the Court must also weigh the statutory sentencing factors, set forth in 18 U.S.C. § 3553(a). These factors are (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) "the need for the sentence imposed . . . to protect the public from further crimes of the defendant"; (3) "the need for the sentence imposed . . . to afford adequate deterrence to criminal conduct"; and (4) "the need for the sentenced imposed . . . to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a).

The court also considers relevant policy statements from the United States Sentencing Commission. § 3582(c)(1)(A). Thus, before reducing the sentence, the court needs to find that "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13(2).

On all these considerations, the prisoner bears the burden of proof. *United States v. Adeyemi*, 470 F. Supp. 3d 489, 512 (E.D. Pa. 2020). In addition, he must show that he "fully exhausted" his administrative remedies within the prison. 18 U.S.C. § 3582(c)(1)(A).

## DISCUSSION

Mr. Estrada argues that he should be released under 18 U.S.C. § 3582(c)(1)(A)(i) because his medical conditions place him at an increased risk of harm if he contracted COVID-19. Setting aside the fact that Mr. Estrada previously tested positive for COVID-19 and did not become seriously ill, he has now been fully vaccinated against the COVID-19 virus, which mitigates the need for a reduction in sentence. *See, e.g., United States v. Newsuan*, No. 6-cr-729-3, 2021 WL 2856509, at *4 (E.D. Pa. July 7, 2021).

---

255, 260 (3d Cir. 2021). Still, it is highly persuasive authority that "sheds light on the meaning of extraordinary and compelling reasons." *Id.*

Mr. Estrada protests that, while vaccines in general help prevent COVID-19 infection, vaccine immunity wanes such that a new, more infectious variant may still pose a significant risk. As courts in this district have noted, however, vaccines remain highly effective at preventing severe illness from even more infectious COVID-19 variants. *See, e.g., United States v. Gordon*, 585 F. Supp. 3d 716, 721 (E.D. Pa. 2022); *United States v. Hannigan*, No. 19-cr-373, 2022 WL 815449, at *15 (E.D. Pa. Mar. 17, 2022). This, coupled with the facts that only a single inmate at FCI Butner is currently testing positive for COVID-19 and that there have been no COVID-19 related deaths at FCI Butner since August of 2021, makes clear that the risk of COVID-19 does not at this time constitute an extraordinary and compelling reason for compassionate release.

Nor do Mr. Estrada's other medical conditions provide a basis for changing the earlier judicial conclusion. U.S.S.G. § 1B1.13 provides that a physical or medical condition constitutes an extraordinary circumstance only where (1) it is "serious," (2) it "substantially diminishes the ability of the defendant to provide self-care," and (3) the defendant is "not expected to recover" from the condition. § 1B1.13 cmt. n.1 (A)(ii). Mr. Estrada cites his poor eyesight and need for a walker as evidence that he is unable to provide self-care. But while courts regularly consider health factors such as these, *see, e.g., United States v. Clyne*, No. 16-cr-115, 2019 WL 3292349, at *1 (D. Idaho, July 22, 2019) (granting compassionate release to 72-year-old defendant who, alongside other health factors, could "only walk with the aid of a walker"); *United States v. Barrett*, No. 11-cr-173(1), 2022 WL 2964883, at *3 (S.D. Ohio, July 26, 2022) (granting compassionate release to defendant who, among other health factors, had poor eyesight that "hamper[ed] his ability to provide self-care"), Mr. Estrada has not sufficiently demonstrated that these conditions, either alone or in conjunction with his other health issues, seriously impair his ability to provide self-care.

Mr. Estrada also states that he has been assigned an "inmate care provider" to assist him with moving throughout the prison, obtaining medicine and food, and other daily activities, and that he would be "helpless" without this inmate. Doc. No. 294 at 2. The mere fact that Mr. Estrada receives assistance, however, does not on its own demonstrate a substantial diminishment of his ability to provide self-care. *See United States v. McDonald*, No. 9-cr-656, 2020 WL 3638280, at *6 (D.N.J. July 2, 2020) (defendant who received assistance with medication, meals, bed linens, showering, and laundry did not have substantially diminished ability to provide self-care in light of care received). Moreover, the burden is on Mr. Estrada to establish both the fact that he receives assistance and the nature of such assistance, and he provides no evidence other than his own allegations. Under the circumstances, then, Mr. Estrada's health concerns do not constitute an extraordinary and compelling reason for compassionate release.

Similarly, Mr. Estrada's age does not provide a basis for a reduction in sentence. Section 1B1.13 provides that age may be an extraordinary and compelling reason for compassionate release where the defendant (1) "is at least 65 years old;" (2) "is experiencing a serious deterioration in physical or mental health because of the aging process;" and (3) "has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." U.S.S.G. § 1B1.13 cmt. n.1(B). Mr. Estrada satisfies the first and third requirements but has not demonstrated any serious deterioration in his physical or mental health due to his age.

Finally, the § 3553(a) factors also weigh against reducing Mr. Estrada's sentence. The Court considers whether compassionate release would undermine the goals of the original sentence. *United States v. Walls*, No. 12-cr-173, 2020 WL 6390597, at *11 (W.D. Pa. Nov. 2, 2020). Mr. Estrada pled guilty to serious drug trafficking offenses. His 188-month sentence reflected the seriousness of those offenses in light of his own history and circumstances. When

Judge Joyner denied Mr. Estrada's first motion in 2021, Mr. Estrada had served less than 60% of this sentence. As of today, he has served just over 75% of the sentence. As before, the Court "cannot find that the term already served has achieved the purposes of sentencing." *Estrada*, 2021 WL 308271, at *2. Finally, while Mr. Estrada's work towards the educational goals of his incarceration have been commendable, participating in educational programming prior to his present health issues, the sentencing court's goals of the announced sentence remain unmet.

## CONCLUSION

For these reasons, the Court denies Mr. Estrada's motion for compassionate release. An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE